943 F.2d 53
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Russell POWERS, Defendant-Appellant.
 No. 90-6566.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and HARVEY, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Russell Powers appeals his sentence in connection with his guilty plea to six counts relating to the possession with intent to distribute cocaine and psilocybin in violation of federal law. For the reasons that follow, we affirm.
 
 I.
 
 2
 On July 16, 1990, Powers was indicted in a six-count indictment involving possession and distribution of cocaine and psilocybin. Powers pled guilty pursuant to a Fed.R.Crim.P. 11 plea agreement on October 3, 1990. The plea agreement contained the following language regarding the position of the United States on the relevant base offense level:
 
 
 3
 10. At the time of sentencing, the United States will
 
 
 4
 --recommend a sentence of imprisonment at the lowest end of the appropriate Guideline range, [which the parties believe to be offense level 22], based on a drug quantity of approx. 395 grams of cocaine, but not less than any mandatory minimum term of imprisonment required by law.
 
 
 5
 --recommend a reduction of two levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by § 3E1.1.
 
 
 6
 J.App. at 19 [brackets original]. The underlined language was added to the agreement in pencil on the side of the typed draft. The following paragraph of the agreement provides:
 
 
 7
 11. The United States reserves the right to make a recommendation as to the quality and quantity of punishment, and, subject to the provisions of paragraph 10 of this Agreement, reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning defendant and his background.
 
 
 8
 Id. at 20. The agreement further provides:
 
 
 9
 21. It is understood that pursuant to Fed.R.Crim.P. 11(e)(1)(B), the recommendations of the United States are nonbinding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw his guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.
 
 
 10
 Id. at 23.
 
 
 11
 In its presentence report, the probation department calculated Powers' Guideline range as follows: a base offense level of 22, with a two-level increase for role in the offense, for an adjusted offense level of 24; and a two-level reduction for acceptance of responsibility for a total offense level of 22. Presentence Report at 5-6. The defendant filed certain objections to the presentence report including an objection to the two-level increase for role in the offense under U.S.S.G. § 3B1.1(c). The government filed no objection to the presentence report and affirmatively supported the two-level increase for role in the offense at the sentencing hearing. The government also presented certain evidence of prior drug activity aimed at supporting the two-level enhancement. The district court rejected the government's proffered evidence with regard to prior drug activity and considered only the evidence presented in the presentence report going to defendant's role in this offense. However, the district court also rejected Powers' objection to the two-level enhancement, finding "that there is substantial proof to the effect that [Powers] was a leader in this offense by virtue of what we had in our investigation based upon Mr. Powers and also Ms. McCoy [Powers' co-defendant]." J.App. at 41. Powers was then sentenced to 51 months, the low end of the range based upon a base offense level of 22. This timely appeal followed.
 
 II.
 
 12
 We review questions of law regarding the proper application of the Sentencing Guidelines de novo. See United States v. Stokley, 881 F.2d 114, 116 (4th Cir.1989); United States v. Reyes-Ruiz, 868 F.2d 698, 701 (5th Cir.1989). However, a defendant's role in the offense is a question of fact which is reviewed under a clearly erroneous standard. United States v. Barrett, 890 F.2d 855, 867 (6th Cir.1989).
 
 
 13
 Powers' first contention is that the government breached its plea agreement by supporting the probation department's assessment that a two-level increase was warranted for Powers' role in the offense. We note that Powers' does not challenge whether the finding of the district court was correct as to his role in the offense. Rather, he argues that the United States knew all the facts regarding his role when it agreed to the plea agreement which, by hand-written addition, suggested that the parties thought 22 was the proper base level with a two-point reduction for acceptance of responsibility. Thus, Powers argues he was entitled under the agreement to be sentenced at a total level of 20 rather than level 22 at which he was sentenced.
 
 
 14
 In interpreting whether a plea agreement has been broken, courts "look to the facts of each case to decide what was 'reasonably understood by [the defendant] when he entered [his] plea of guilty.' " United States v. Arnett, 628 F.2d 1162, 1164 (9th Cir.1979) (citation omitted). Powers argues that he reasonably understood that the government would argue for a final offense level of 20 rather than the level 22 recommended by the probation department. We disagree.
 
 
 15
 While the proper course for the government may well have been to remain silent as regards the presentence report, we do not find that the government's behavior amounts to a breach of the plea agreement by its terms. As noted above Section 11 of the plea agreement allows the government to provide the probation department with all relevant information regarding the "defendant and his background." J.App. at 20. The fact that the United States memorialized in Section 10 of the agreement its belief that the proper base offense level would be 22 based upon the quantity of the drugs involved, did not limit the government's ability under Section 11 to provide relevant information regarding the defendant's role in the offense. Further, it would seem that regardless of the government's actions with the respect to the two-level increase for role in the offense, the defendant was always apprised pursuant to Section 21 of the agreement of the possibility that the court could reject the government's recommended sentence and impose its own.
 
 
 16
 In the instant case, the probation department put forward information suggesting that the defendant acted as a leader in this offense and recommended a two-level adjustment to reflect this role. The defendant does not suggest that this finding by the court was clearly erroneous. Therefore, the court was free by the terms of the plea agreement to impose a sentence consistent with the probation report, regardless of the government's position as to the enhancement. Further, even if we agreed with Powers that the government's position on the enhancement was a breach of the plea agreement, it would constitute harmless error as the court, based upon the presentence report, was within its discretion in independently finding that Powers' role in the offense warranted an enhancement.
 
 III.
 
 17
 Powers' next contention is that the court should not have allowed the government to present evidence regarding Powers' past drug activity in support of the presentence report's recommendation of a two-level enhancement for role in the offense. Powers bases his contention on his assertion that the evidence was not sufficiently reliable to warrant admission. See United States v. Marshall, 719 F.2d 887 (7th Cir.1983) (evidence not ordinarily admissible at trial may be admitted at sentencing if their is sufficient indicia of reliability to support its probable accuracy).
 
 
 18
 However, as the government points out, and the defendant admits in his brief, the district court, while hearing the evidence presented, refused to consider it based upon its unreliability. Specifically, the court stated:
 
 
 19
 Let me state on the record now that I am not going to consider anything that [Powers] was doing while he was in prison, because there isn't any corroboration for that at this particular juncture, I will certainly give you the benefit of the doubt on that one, but that brings me back to [Powers'] role in this particular offense and it appears to me that there is substantial proof to the effect that he was a leader in this offense by virtue of what we had in our investigation[.]
 
 
 20
 J.App. at 41 (emphasis added). Powers does not provide any evidence which suggests that the court did anything other than disregard the evidence proffered by the United States at the sentencing hearing. Further, the guidelines specifically provide that "[i]n determining the sentence to impose within the guideline range, or whether a departure from the guidelines is warranted, the court may consider, without limitation, any information concerning the background, character, and conduct of the defendant[.]" U.S.S.G. § 1B1.4 (emphasis added). Thus, it cannot be reversible error for the court to have considered and rejected proffered evidence on Powers' background which might have been relevant for sentencing purposes.
 
 IV.
 
 21
 As we find no breach of the defendant's plea agreement and no error on the part of the trial court during sentencing, the defendant's sentence is AFFIRMED.
 
 
 
 *
 The Honorable James Harvey, United States District Court for the Eastern District of Michigan, sitting by designation